UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIVAS,<br>BOP #14267-298,<br><br>         Plaintiffs,<br><br>vs.<br><br>M.C.C. SAN DIEGO;<br>JASON BURGANSON, Officer,<br><br>         Defendants. | Case No.: 25-cv-00806-AJB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

  Plaintiff David Rivas, while incarcerated at the Metropolitan Correctional Center ("MCC") in San Diego, and proceeding pro se, filed a letter entitled as a petition with the Clerk of the Court on April 2, 2025.[1] (*See* ECF No. 1.) Because Plaintiff seeks monetary

---

[1]  Plaintiff claims to have been held in a secured housing unit at MCC since July 2024, and to have been awaiting transfer at the time of filing after having been sentenced to BOP custody for a term of 50 months. (*See* ECF No. 1 at 1.) The Court has confirmed Plaintiff was found to have violated the terms of his supervised release based on a guilty plea and conviction in Superior Court of California (San Diego) Case Number SCD292707, and had his supervised release revoked on December 12, 2024, by Judge Sammartino in *United States v. Mendez, et al.*, S.D. Cal. Case No. 3:09-cr-00710-JLS-6 (ECF Nos. 744, 747). *See Kim v. Allison*, 87 F.4th 994, 998 n.3 (9th Cir. 2023) (noting that courts "may take

damages related to the conditions of his confinement at MCC, the Court construes his pleading as a complaint arising under general federal question jurisdiction pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Federal Bureau of Narcotics Agents,* 403 U.S. 388 (1971). (*See id.* at 1–6.)

## I.     Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) "[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.") (9th Cir. 2007).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the

---

notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

[2]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments.  *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2).

Plaintiff has not prepaid the $405 fee required to commence this civil action, nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.   Conclusion and Order

Accordingly, the Court:

(1)   **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2)   **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by:  (a) paying the $405 civil filing and administrative fee in full; *or* (b) completing and filing a motion to proceed IFP which includes a certified copy of his prisoner trust account statements for the 6-month period preceding the filing of his complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b); and

(3)   **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."[3]  If Plaintiff fails to either prepay the $405 civil filing fee or fully complete and

---

[3]   Plaintiff is cautioned that if he chooses to reopen this case by either paying the full $405 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting

1 | submit the enclosed Motion to Proceed IFP within 45 days, this action will remain
2 | dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee
3 | requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated:  May 9, 2025

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge

---

that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."). "[A]fter the Supreme Court's decision in *Egbert v. Boule*, [596 U.S. 482 (2022)] most claims seeking to extend *Bivens* are 'dead on arrival.'" *Stanard v. Dy*, 88 F.4th 811, 815–16 (9th Cir. 2023) (quoting *Harper v. Nedd*, 71 F.4th 1181, 1187 (9th Cir. 2023)).