UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIVAS,<br>BOP #14267-298,<br><br>                              Plaintiff,<br><br>vs.<br><br>MCC San Diego; JASON BURGANSON,<br>Correctional Officer,<br><br>                            Defendants. | Case No.: 25-cv-00806-AJB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1) AND FOR FAILING TO PROSECUTE** |

      Plaintiff David Rivas, proceeding without counsel while incarcerated at the Metropolitan Correctional Center in San Diego, filed this civil action pursuant to *Bivens v. Six Unknown Named Federal Narcotic Agents*, 403 U.S. 388 (1971), together with a motion to proceed *in forma pauperis* ("IFP"). (*See* Doc. Nos. 1; 2.)

      On October 17, 2025, the Court granted Plaintiff leave to proceed IFP but screened and dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b). (Doc. No. 6.) While the Court noted Plaintiff's *Bivens* claims against Officer Burganson were "dead on arrival" and expressed doubt as to whether Plaintiff could effectively amend them, it granted him 45 days leave in which to try. (*See* Doc. No. 6 at 13 (citing *Harper v. Need*, 71 F.4th 1181, 1187 (9th Cir. 2023)).) The Court also warned

Plaintiff that if he failed to timely amend, a final judgment of dismissal would be entered based both on his failure to state a claim and his failure to prosecute in compliance with the Court's Order. (*Id.* at 14–15 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).) More than a month has passed since Plaintiff's amended complaint was due, but he has failed to respond. Thus, for the reasons explained, the Court **DISMISSES** the case.

## I. FAILURE TO AMEND AND/OR PROSECUTE

The Court may *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Because the Court clearly informed Plaintiff of his need to timely amend, factors one, two, and four weigh in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Henderson*, 779 F.2d at 1424; *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.");

*Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Factor five also supports dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction").

Finally, Plaintiff initiated this suit more than nine months ago but has failed to file any pleading sufficient to survive initial screening, and no defendant has been served. *See* Fed. R. Civ. P. 4(c). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (citations omitted); *see also Flores v. Velocity Express, LLC*, No. 12-CV-05790-JST, 2017 WL 3477081, at *2 (N.D. Cal. Aug. 11, 2017) (dismissing civil action for failure to prosecute where plaintiff's failure to communicate for nearly four months "indicate[d] [] he ha[d] no interest in pursuing his claims").

Thus, while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," *Pagtalunan*, 291 F.3d at 642, when taken together, the Court finds the weight of the *Ferdik* factors support dismissal and the entry of final judgment pursuant to Fed. R. Civ. P. 41(b) is now warranted. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (quoting *Ferdik*, 963 F.2d at 1263).

## II.   CONCLUSION

For the reasons explained, the Court **DISMISSES** this civil action based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and his failure to amend as required by the Court's October 17, 2025 Order. The Court further **CERTIFIES** that an IFP appeal would not be

1  taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Court **DIRECTS** the Clerk of
2  Court to enter a final judgment of dismissal and close the file.
3       **IT IS SO ORDERED**.
4  Dated: January 13, 2026

                                                Hon. Anthony J. Battaglia
                                                United States District Judge